*53 The facts of the case, and the alleged errors in the proceedings in the Court of Common Pleas, will be found in the opinion of this court, which was delivered by
Tlghman, C. J.
The first error assigned is, that the two first counts in the declaration, are bad, because no consideration is shown for the defendant’s assumption. The first count states, that Bull, hi consideration that Mien, at his special instance and request, would become bound to Brinton by his writing obligatory, in the sum of 2000 dollars, conditioned for the payment of 1000 dollars, on the 2d of February, 1816, assumed upon himself, and promised the said Mien, to indemnify and save him harmless from all loss by the said writing obligatory. It is then averred, that Mien, giving credit to the said assumption, did become bound to the said Brinton, in the bond above.described, and that Bull had failed in the performance of his promise, suit having been brought on it> 'and'the executors of «#//ew having been compelled to pay the money mentioned in the condition. It is objected by the defendant, that it does not appear on'what accoifnt the bond was given, and perhaps it might have been-for money borrowed by Mien of Brinton, on his own account.- This, to be sure, is a most extraordinary conjecture. That Bull should have requested Mien to give his bond for money borrowed by Mien himself is against all reason and probability. The presumption is, especially after verdict, that the money went to the use of Bull, or some friend of- his. There is nothing in the objection. The second count differs from the first in some respects. It states, that Bull, being a Manager and President of “ The Little Conestogoe Turnpike Company,” and Mien being the agent of the Company, a loan of money, 1000 dollars, having been negotiated with Brinton, for the use of the Company, Bull, in consideration that Mien would become bound to Brinton in a writing obligatory, (such as is described in the first count,) promised to indemnify him; and that Mien, trusting to his promise, did become bound, &c. A breach is then set forth, as in the first count. Now, here is a plain consideration. Bull was President, and consequently, a stockholder in the Company, and the money was borrowed for the use of the Company. Bull, therefore, had an interest in the loan. Mien’s being an agent, was no reason why he should become personally responsible for the debt of the Company. It was prudent to require indemnity, and the benefit which Bull received from the loan was a sufficient cause for his giving an indemnity.
The other errors assigned are to the charge of the court, which renders it necessary that I should state the evidence.
The.plaintiff gave parol evidence, which in the opinion of his counsel, was sufficient to prove the assumption laid in the declaration. This was denied by the counsel for the defendant;-and whether it was proved or not, was a question for the jury. It was proved, that the sum of 1000 dollars, for which Mien gave his *54 bond to Brinton, was paid by Brinton to Allen, and by Allen to the treasurer of the Turnpike Company, for which he received the bond of the Company, payable to himself. This bond was after-wards given up by Allen, and the debt of 1000 dollars, as well as other debts, to other persons, were included in another bona for J0,000 dollars, given by the Turnpike Company to Josiah Kirk and Randolph Harley. The plaintiff’s counsel alleged, that this bond for 10,000 dollars, was given to Kirk and Harley, in trust for the several persons whose debts were included in it. But there was no express proof of that. Neither was it proved, that Alien transferred the Company’s bo.nd for 1000 dollars to Kirk and Harley, or that he received any other consideration for giving it up, than the bond to Kirk and Harley, in which it was included. The defendants counsel prayed the court to charge the jury, First, “ That the loaning the 1000 dollars, by Allen to' the Company, instead of applying it to the Company’s purposes, was an appropriation thereof to his own use, and discharged the defendant from his assumption.” Th<? court decided this point in the negative, and undoubtedly they were right. The money was borrowed of Brinton for the use of the Company, and Allen paid it to their treasurer. This was exactly according to the intent of all parties. When it was in the treasury, the managers might place it in the hands of their agent, or make whatever use of it they pleased. But it was necessary, for the defendant’s sake, that the Company should give bond for it; and as they received it from Alien, it was very proper that the bond should be given to him. Brinton would not lake their bond. He preferred the bond of Allen, and as the defendant was to indemnify Allen, he would be entitled to the benefit of the Company’s bond, in case he should have to pay the money, in consequence of his assumption to Allen. To say then, that the defendant was discharged from his assumption, by Allen’s act, in receiving a bond from the Company, is in contradiction to the intent of the parties, manifested by all the circumstances of the transaction. The second point on which the defendant’s counsel prayed the court’s direction to the jury, was the same, in substance, as the first, though a little varied in form. It is unnecessary, therefore, to take further notice of it. In the third place, the court was requested to instruct the jury, “that putting the amount of the 1000 dollar bond, into the bond for 10,000 dollars, and giving up the former, and amalgamating that moneyj with the money of other persons, is a discharge of the defendant from all liability for any promise to indemnify, that has been proved.” The court refused to give this instruction to the jury, because the law was not so. The defendant’s counsel asked too much of the court. They asked the court to decide all the facts in the cause. As to the supposed amalgamation, by joining several debts in one bond, there is nothing in it. Each person whose debt was included, might know his own share; and it was a matter susceptible of *55 proof. Whether the large bond was taken in trust for Mien, and other persons whose debts were covered by it, was a fair subject of inquiry, and the jury alone could decide it. There was another very material circumstance too : was the defendant privy to the giving up of the 1000 dollar bond, by Mien, and did he assent to it? If lie did, there is no pretence for saying that he was discharged from his responsibility by that circumstance. That he was privy to it, is probable, because he was President of the Turnpike Company. I agree, that if Mien, without consulting the defendant, and without his knowledge,- had given up the first bond, and taken a second, by which the time of payment was prolonged, the de-fendant would have been discharged, because he was, in substance, Security for the Company. But this also was a matter for the juryl and the defendant’s counsel were wrong in requesting the court'to charge peremptorily, that the defendant was discharged from his assumption. The point should have been proposed hypothetically. “If the jury should be of opinion, that the first bond was given up, and the second taken, without the knowledge of the defendant, then the defendant was discharged.” The second bond was putjn suit, and judgment obtained against the Turnpike Company, .very soon after its date. So that it may well be, that it was' intended for the benefit of the defendant,- as well as of all the other persons whose debts were included in it. I am of opinion, on the whole, that the plaintiff in error has not supported any of his ex^ ceptions, and therefore, the judgment should be affirmed.
Edwards and Kittera for the plaintiff in error.
Dillingham, contra.
Judgment affirmed»-